IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCHEEL PUBLISHING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:20-CV-76 |
| | ) | |
| vs. | ) | JUDGE |
| | ) | |
| RIYAD (ROD) KHLEIF, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

NOW COME Defendants, Riyad (Rod) Khleif, Tiffany Lowe-Khleif, Lifetime Cashflow Academy, LLC, and REM Equity Group, LLC (collectively, "Defendants"), by and through counsel, and hereby file this Notice of Removal of Civil Action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to remove this matter from the Cuyahoga County Court of Common Pleas of the State of Ohio to the United States District Court for the Northern District of Ohio. In support, Defendants state as follows:

## PROCEDURAL BACKGROUND

1. The Complaint in *Scheel Publishing, Inc. v. Riyad (Rod) Khleif, et al.*, Case No. CV-19-929765, was filed in the Court of Common Pleas of Cuyahoga County, Ohio on December 18, 2019.

2. Defendants Riyad (Rod) Khleif and Tiffany Lowe-Khleif were served a copy of the Summons and Complaint on December 21, 2019. Defendant Lifetime Cashflow Academy was served with a copy of the Summons and Complaint on December 24, 2019. Copies of the Summons' and Complaint are attached hereto as Exhibit A.

3. There are no further pleadings that have been filed and received subsequent to the filing of the Complaint. *See* Exhibit B, Civil Case Docket.

## TIMELINESS OF REMOVAL

4. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of receipt of the Summons and Complaint by Defendant Riyad (Rod) Khleif.

## BASIS OF REMOVAL

5. Under 28 U.S.C. § 1441(a), this action is removable to this Court because this Court holds original jurisdiction under 28 U.S.C. § 1332(a), where jurisdiction is obtained over all civil actions in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Additionally, per 28 U.S.C. § 1441(a), this action is removable to this Court because the State Court Action is pending in Cuyahoga County, a location in the Eastern Division of the United States District Court for the Northern District of Ohio.

## AMOUNT IN CONTROVERSY

7. Although Defendants deny any and all liability to Plaintiff, the Complaint seeks aggregate monetary amounts in Counts One through Four to exceed the amount in controversy of $75,000, exclusive of interest and costs. The Plaintiff also seeks punitive damages and attorney fees.

8. As such, it is Defendants' good faith belief that the amount in controversy exceeds the jurisdictional amount of $75,000, exclusive of interest and costs, if all of Defendants' defenses fail and if Plaintiff proves all of its claimed damages.

**COMPLETE DIVERSITY OF CITIZENSHIP**

9.      For purposes of federal jurisdiction per 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

10.     At the time of the commencement of the State Court Action, and on information and belief at the time of removal, Plaintiff was and is currently incorporated in Ohio with a principal place of business also in Ohio.  *See Complaint,* ¶1.

11.     At the time of the commencement of the State Court Action, and on information and belief at the time of removal, all of the Defendants were and are domiciled in Florida. Defendants Lifetime Cashflow Academy, LLC and REM Equity Group, LLC were and are Florida limited liability companies with their principal place of business in Florida.  Therefore, Defendants are not citizens of Ohio for the purpose of diversity jurisdiction.

**DIVERSITY JURISDICTION AND VENUE ARE PROPER**

12.     From the above requirements, this Court holds original jurisdiction over the State Court Action under 28 U.S.C. §§ 1332(a) because complete diversity of citizenship exists between the parties and because the alleged amount in controversy exceeds $75,000, exclusive of interests and costs. Therefore, this action may properly be removed to this Court under 28 U.S.C. §§ 1441.

13.     Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the Northern District of Ohio, insofar as Plaintiff's principal place of business is located in Cuyahoga County, Ohio and the alleged events giving rise to claims in this case occurred in Cuyahoga County, Ohio, which is within this Court's jurisdiction.

14.     As required by 28 U.S.C. § 1446(d), Defendants will provide written notice of the filing of this Notice of Removal to counsel of record for Plaintiff and will promptly file this Notice

of Removal with the Clerk of the Cuyahoga County Court of Common Pleas.  (A true and accurate copy of the Notice of Filing Notice of Removal is attached as Exhibit C).

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants remove this case from the Cuyahoga County Court of Common Pleas to this Court.

Respectfully Submitted,

/s/John M. Skeriotis
John M. Skeriotis (Ohio Bar # 0069263)
jms@etblaw.com
EMERSON THOMSON BENNETT, LLC
1914 Akron-Peninsula Rd.
Akron, Ohio 44313
(330) 434-9999 – Telephone
(330) 434-8888 – Facsimile
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2020, a true and correct copy of the foregoing *Defendants' Notice of Removal to Federal Court* was electronically filed using the Court's CM/ECF system, will be available via the Court's electronic notification system, and was served via e-mail upon Kevin P. Shannon, kshannon@kehoelaw.net, and Robert D. Kehoe, rdkehoe@kehoelaw.net.

*/s/ John M. Skeriotis*
John M. Skeriotis